IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No. 10-40037/13-4099-RDR** |
| ) | |
| **RISHEEN DANIEL ROBINSON,** ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is presently before the court upon defendant's pro se motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In his motion, the defendant contends the court's finding at sentencing that he was a career offender must be vacated. He argues that such action is necessary because (1) he is actually innocent of being a career offender; and (2) the court lacked jurisdiction to impose a career offender sentence. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

I.

On August 26, 2010, a jury convicted the defendant of distribution of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1). Prior to trial, the government filed an Amended Information under 21 U.S.C. § 851(a)(1) to seek a penalty enhancement because the defendant had a prior felony conviction in Riley County, Kansas District Court for possession of cocaine with intent to distribute without 1000 feet of a school in 2003.

The presentence report (PSR) prepared by the United States Probation Office applied U.S.S.G. § 4B1.1 because the defendant qualified as a career offender under the Sentencing Guidelines. The defendant qualified as a career offender because he had four qualifying felony convictions. Based upon the application of § 4B1.1 to the defendant's offense of conviction, the defendant's total offense level was 34. This total offense level, combined with the defendant's criminal history category of VI yielded an advisory Guidelines sentencing range of 262 to 327 months.

On April 21, 2011, the court conducted a sentencing hearing. The defendant sought a downward variance from the advisory Guidelines sentencing range to ten years. He objected to application of the career offender guideline "both on due process grounds under the Fifth Amendment, as well as cruel and unusual grounds under the Eighth Amendment." The government requested that the court sentence the defendant to the top end of the career offender range.

The court found that the defendant's correctly calculated advisory Guidelines sentencing range was 262 to 327 months based on the career offender guideline and imposed a sentence of imprisonment of 262 months. The court determined this sentence appropriate in light of the factors under 18 U.S.C. § 3553(a).

The defendant appealed his sentence. He contended only that his sentence was substantively unreasonable. The Tenth Circuit

2

applied a presumption of reasonableness to this court's within Guidelines sentence and affirmed the sentence. United States v. Robinson, 437 Fed.Appx. 733, 735-36 (10th Cir. 2011). This decision was issued on August 30, 2011. The defendant's petition for writ of certiorari was denied by the Supreme Court on January 9, 2012. Robinson v. United States, 132 S.Ct. 1065 (2012).[1]

## II.

The government contends that defendant's motion must be denied as untimely. The government asserts that the defendant did not file his motion until more than one year after his judgment of conviction became final. The government further argues that the defendant's claims are barred under the procedural default rule. Finally, the government asserts that the defendant's claims fail on the merits.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitations period within which § 2255 movants must file. The one-year limitations period ordinarily runs from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2255(f)(1). The judgment of conviction became final in this case on January 9, 2012. The instant motion is untimely since the

---

[1] The government had incorrectly argued in its response that the defendant did not file a petition for writ of certiorari. The government's error had no impact on its arguments since the defendant's motion is also untimely based upon the date of the denial of the writ of certiorari.

defendant did not file it until August 28, 2013.

The defendant recognizes that he did not file the instant petition within the one-year time limit but contends that this court may reach his claim under three theories that allow him to circumvent procedural default. First, he contends that he can assert the motion because he "is actually innocent of being a career offender as concluded by this Court." He notes that a recent United States Supreme Court case, McQuiggin v. Perkins, 569 U.S. ____, 133 S.Ct. 1924 (2013), has clarified that a claim of actual innocence is not barred by the time limitations of AEDPA. Second, he asserts that the government's Amended Information which was filed prior to trial is ineffective to confer jurisdiction upon this court to sentence him as a career offender because it alleged a single felony conviction instead of two such convictions as required under § 4B1.1. Finally, he argues that his claim is not time-barred because the court lacked jurisdiction to sentence him as a career offender because he did not have the two requisite qualifying convictions.

## III.

The record shows that defendant's § 2255 motion is time-barred because it was filed after the expiration of the one-year statute of limitations. The arguments raised by the defendant to avoid the application of the statute of limitations lack merit.

The court shall begin with the defendant's argument that his motion is not time-barred or procedurally defaulted because he claims he is actually innocent of the career offender sentence. He relies upon McQuiggin for support.

Under certain circumstances, a claim of actual innocence may be a ground for equitable tolling of the limitations period. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)("AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances ... for example, when a prisoner is actually innocent." (quotation omitted)). To establish actual innocence, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of. . .new evidence."  Schlup v. Delo, 513 U.S. 298, 327 (1995)(remanding a state prisoner's federal habeas petition for consideration of an actual innocence claim notwithstanding petitioner's procedural default); see also Bousley v. United States, 523 U.S. 614, 623 (1998)(applying the Schlup standard to a federal prisoner's § 2255 motion).

The defendant does not claim that he is actually innocent of the charge of which he was convicted. Rather, he claims actual innocence of his sentence as a career offender.

The Supreme Court has applied the actual innocence exception in two situations: (1) to a claim of actual innocence of the crime

of conviction; and (2) to a claim of actual innocence of a capital sentence.  See Schlup, 513 U.S. at 321(actual innocence of a crime of conviction); Sawyer v. Whitley, 505 U.S. 333, 336 (1992)(actual innocence of a capital sentence).  Neither the Supreme Court nor the Tenth Circuit has ruled that Sawyer's actual innocence of a sentence exception extends to the noncapital sentencing context.  See Reid v. Oklahoma, 101 F.3d 628, 630 (10th Cir. 1996); United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993).

The defendant has suggested that McQuiggin and Selsor v. Kaiser, 22 F.3d 1029 (10th Cir. 1994) provide support for his contention that actual innocence of his sentence provides equitable tolling for his motion.  We must disagree.  In McQuiggin, the Supreme Court held that actual innocence can serve as a gateway whereby a petitioner can pass through the expiration of the statute of limitations.  133 S.Ct. at 1928.  McQuiggin, however, did not extend the Supreme Court's previous rulings on the actual innocence exception to noncapital sentences.  Since the defendant is not asserting his innocence on his crime of conviction, McQuiggin provides no relief.

The defendant's reliance upon Selsor is also misplaced.  In Selsor, in dicta and relying upon a Seventh Circuit case, the Tenth Circuit indicated that in the habitual offender context, like in the capital punishment context, a petitioner can be actually innocent of the sentence if he can show that he is factually innocent of a

6

required showing of proof separate and distinct from that necessary to establish his guilt. 22 F.3d at 1036. Thus, in the habitual offender context, the petitioner must show factual innocence as to one of the prior qualifying convictions necessary to sentence him as an habitual offender. Id. Selsor, even if the law on the habitual offender context had been adopted by the Tenth Circuit, provides no relief for the defendant. The defendant does not claim factual innocence of the prior convictions that led to the court's determination that he was career offender. Rather, he claims only that he did not have the requisite convictions to meet the requirements of the career offender guideline. As the court made clear in Selsor: "[A]ctual innocence of the sentence still requires a showing of *factual* innocence." Id.(emphasis in original). There is no indication in Tenth Circuit law that the defendant's claim constitutes actual innocence for the purposes of equitable tolling of AEDPA's one-year limitations period. See Collins v. Ledezma, 400 Fed.Appx. 375, 376 (10th Cir. 2010)("A claim of actual innocence with respect to a noncapital sentence enhancement, rather than an underlying crime, does not come within the scope of § 2255's savings clause."); see also McKay v. United States, 657 F.3d 1190, 1199 (11th Cir. 2011)(actual innocence of sentence exception does not apply to claim that petitioner was erroneously sentenced as a career offender).

For similar reasons, the court also finds that the defendant has procedurally defaulted on this claim. "When a defendant fails to raise an issue on direct appeal, he is barred from raising it in a § 2255 motion unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. McGaughy, 670 F.3d 1149, 1159 (10th Cir. 2012).

To establish "cause" requires a defendant to show some external objective factor—-such as governmental interference, unavailability of the relevant factual or legal basis, or ineffective assistance of counsel—-prevented him from raising the issue on direct appeal. See Murray v. Carrier, 477 U.S. 478, 488 (1986); United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). The fundamental miscarriage of justice exception allows a defendant to obtain review of his defaulted claims by showing actual innocence. See Sawyer, 505 U.S. at 339-40.

The defendant has raised only a claim of actual innocence. For the reasons previously stated, the court does not find that the defendant has made an adequate showing of actual innocence. Accordingly, this claim is also barred by procedural default since the defendant failed to raise this issue in this court or on direct appeal.

IV.

Even assuming that the defendant's claim that the court erred in finding him to be a career offender was timely and not procedurally defaulted, the court finds no support in the record for it. "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

The PSR conclusively rebuts the defendant's actual innocence claim because his criminal record contains four qualifying convictions: (1) a felony conviction for aggravated robbery in Saline County, Kansas District Court in 1994; (2) a felony conviction for possession of methamphetamine with intent to distribute in Riley County, Kansas District Court in 2002; (3) a felony conviction for possession of cocaine with intent to distribute in Riley County, Kansas District Court in 2003; and (4) a felony conviction for possession of cocaine with intent to distribute within 1000 feet of a school in Riley County, Kansas District Court in 2003. Reliance upon any two of these convictions was sufficient to determine that the defendant qualified as a career offender.

The defendant contends that, for several reasons, he was not a career offender. He has suggested initially that the PSR fails to show that he was a career offender. The defendant contends that the court incorrectly relied upon the following convictions in determining he was a career offender: (1) his 1994 conviction for misdemeanor battery; (2) his 2005 conviction for possession of cocaine; and (3) his convictions for speeding and driving while suspended. He further argues that (1) the court failed to state which convictions it relied upon to support the career offender application; and (2) the mere fact that the court "could have" relied upon certain convictions to make a career offender determination is not sufficient.

The defendant's arguments are both factually and legally incorrect. In the PSR, the probation officer provided the following assessment of the application of the career offender provisions:

> The defendant is a Career Offender, as defined by U.S.S.G. 4B1.1. As detailed in Part B (Criminal History) below, the defendant has sustained convictions for controlled substance offenses, as defined by U.S.S.G. 4B1.2(b). These are noted in paragraphs 47, 48, and 49. He has also sustained a conviction for a crime of violence, as defined by U.S.S.G. 4B1.2(a), as detailed in paragraph 44. The instant offense is also a controlled substance offense, as defined by the guidelines, and the defendant was 18 years or older at the time of it commission. Therefore, the defendant is a Career Offender within the meaning of U.S.S.G. 4B1.1.

At sentencing, the defendant raised no objections to the factual support and legal determination that he was a career offender under the Guidelines. And, on appeal, he again raised no such issues.

Now, he suggests that the PSR was wrong because it relied upon (1) certain driving offenses; (2) a conviction for misdemeanor battery that occurred when he was not 18 years old; and (3) a conviction for simple of possession of controlled substances. He suggests that, as a result, the court had no basis to determine that he was career offender.

As correctly noted by the government, the court did not specifically state what convictions it relied upon to reach the conclusion that the defendant was a career offender. The court found it unnecessary to formally do so because (1) the PSR clearly stated what convictions supported the career offender finding and (2) the defendant made no arguments that he was not career offender. Under these circumstances, the court finds no basis for the defendant's contention that the court had "no basis" to determine he was a career offender. The record before the court clearly supports the application the enhancement for career offender.

The court notes that the PSR was amended twice after its initial preparation. During those amendments, the paragraphs were obviously renumbered and the probation officer made no effort to correct portions of the PSR that referred to those paragraphs. The

defendant's contention concerning the court's apparent reliance on prior driving offenses is the product of the amended PSRs. In the aforementioned statement, the probation officer found that the defendant was a career offender based upon three prior convictions for controlled substances offenses in paragraphs 47, 48 and 49. Paragraph 49 of the final PSR refers to certain prior driving convictions of the defendant. However, paragraphs 45, 46 and 47 refer to the defendant's three prior convictions for controlled substances offenses. Thus, there is little question that the PSR provides adequate support for the court's finding that the defendant was a career offender.

The defendant has also argued that the court could not rely upon the conviction for battery in 1994 because it was a misdemeanor and he was only 16 years old at that time. The court believes that the mis-numbered paragraphs again play a role in this argument. The PSR, in determining the application of the career offender status, referred to paragraph 44. Paragraph 44 references the defendant's 1994 conviction for battery. Nevertheless, the PSR relied upon the defendant's 1994 aggravated robbery conviction contained in paragraph 42. The record reflects once again that the defendant incorrectly points to the 1994 battery conviction. Rather, the court relied upon an aggravated robbery conviction in 1994. The defendant was at the time 16 years old but the PSR states that he was "waived to adult status

in Saline County District Court." Thus, the defendant was convicted as an adult. As a result, this conviction was properly considered for purposes of the career offender guideline. See U.S.S.G. § 4B1.2 cmt. n. 1("prior felony conviction" includes "an offense committed prior to age eighteen. . .if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted").

The defendant has also challenged the court's reliance upon his conviction for possession of cocaine contained in paragraph 48 of the PSR. The defendant has suggested that the court cannot rely upon this conviction because it is a simple possession conviction. The court agrees. However, once again, the defendant has overlooked the convictions relied upon by the court due to the mis-numbered paragraphs. As noted previously, in paragraphs 45, 46 and 47, the PSR details three convictions for controlled substances offenses that qualify as controlled substances offenses under the career offender provisions. The defendant has acknowledged that his conviction in 2003 for possession of cocaine with intent within 1000 feet of a school was properly considered. He, however, has overlooked the other two convictions, which were appropriately considered by the court at the time of sentencing.

Accordingly, the record fully supports the court's determination of the defendant as a career offender. The defendant was fully

13

advised of the convictions that were being considered by the court and he made no challenge to them. The court's reliance upon these convictions was entirely proper.

V.

In his motion, the defendant raises another claim concerning the government's filing of the Amended Information prior to trial. This claim is also untimely and procedurally barred for the aforementioned reasons. It also lacks merit. The defendant has argued that the Amended Information was ineffective to confer jurisdiction upon the court to sentence him as a career offender. He asserts that it alleged only one conviction, not the two convictions required for career offender status.

The defendant is once again mistaken. His belief that the Amended Information has some impact upon a later determination that he is a career offender under the Guidelines is simply incorrect. The Amended Information was filed solely for the purpose of increasing the statutory sentences set forth in 21 U.S.C. § 841(b). The government was not obligated to provide the defendant with any notice of the qualifying convictions it intended to rely upon before the court could exercise its discretion to find that a defendant qualifies as a career offender under the Guidelines. See United States v. Washington, 358 Fed. Appx. 309, 314 (3rd Cir. 2009)("[Defendant's] claim that his sentence is illegal because of

14

the government's failure to file a § 851 notice is frivolous. The notice is required only if the government seeks a sentence beyond the statutory maximum, and is not required if the government requests the court to sentence the defendant as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1."); Young v. United States, 936 F.2d 533, 536 (11th Cir.1991)("the Government does not have to follow the notice requirements of section 851 in order to use a defendant's prior convictions to enhance his sentence under the Guidelines as a career offender, so long as the enhanced sentence still falls within the permissible statutory range"); United States v. Spence, 450 F.3d 691, 695 (7th Cir. 2006)(Section 851 "does not apply when the district court sentences a defendant under the guidelines to an increased sentence within the statutory range.").

## VI.

Finally, the court finds no merit to defendant's last argument that the court lacks jurisdiction to sentence him as a career offender because the court erroneously applied U.S.S.G. § 4B1.1. As pointed out by the government, this claim fails for a variety of reasons. First, the misapplication of an advisory guideline does not implicate the court's subject matter jurisdiction. Second, this contention is untimely even though it raises a jurisdictional issue. See United States v. Card, ____ Fed.Appx. ____, 2013 WL 4427203, at *1 (10th Cir. Aug. 20, 2013)("Assuming [petitioner] is permitted to challenge the

15

district court's jurisdiction for the first time in a § 2255 motion, the motion must still be timely."); Barreto-Barreto v. United States, 551 F.3d 95, 100 (1st Cir. 2008) ("Nothing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period. To the contrary, § 2255(f) explicitly states that the limitations period 'shall apply' to all motions made under § 2255."). Third, as already explained, this argument has no merit because the record clearly shows that the defendant had four qualifying prior convictions for application of the career offender guideline.

## VII.

In his reply, the defendant has requested that the court consider his motion under 28 U.S.C. § 2241 if it finds that he is not entitled to relief under § 2255. This request shall be denied. The court fails to find that the defendant can proceed under § 2241 to raise the instant claims. See Abernathy v. Wandes, 713 F.3d 538, 544 (10th Cir. 2013)(petitioner could not proceed under § 2241 to raise claim that he was actually innocent of sentence enhancement).

## VIII.

In sum, the defendant's motion is barred by the one-year statute of limitations and procedural default. Even assuming that defendant's claims were timely and not procedurally defaulted, the court would find that they lack merit. Accordingly, the defendant's

16

motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. # 112) be hereby denied.

**IT IS SO ORDERED.**

Dated this 30th day of October, 2013, at Topeka, Kansas.

*s/Richard D. Rogers*
United States District Judge