IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        **Plaintiff,**<br><br>v.<br><br>**RISHEEN DANIEL ROBINSON (01),**<br><br>        **Defendant.** | Case No. 10-40037-01-DDC |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Risheen Robinson's pro se[1] "Motion Pursuant to Rule 60(b)(5) & (6) to Reopen Case and Set Aside Order Denying Relief" (Doc. 136). For the reasons described below, the court denies Mr. Robinson's motion.

**I.      Background**

On August 26, 2010, a jury convicted Mr. Robinson of violating 21 U.S.C. § 841(a)(1) for distributing a mixture or substance containing a detectable quantity of cocaine base. Mr. Robinson had four qualifying prior convictions, making him a career offender under the U.S. Sentencing Guidelines.[2] The U.S. Probation Office prepared a Presentence Investigation Report

---

[1]   Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for plaintiff. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[2]   The Sentencing Guidelines provide:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

("PSR") with a sentencing range of 262–327 months based on that designation. On December 17, 2010, the court conducted a sentencing hearing. Mr. Robinson objected to the career offender finding under the Guidelines. But, the court found that the PSR correctly classified him as a career offender and imposed a guideline sentence of 262 months.

Mr. Robinson directly appealed his sentence to the Tenth Circuit. *United States v. Robinson*, 437 F. App'x 733 (10th Cir. 2011). There, he challenged the substantive reasonableness of his sentence. *Id.* at 735. But, the Tenth Circuit rejected his arguments and affirmed the district court's judgment. *Id.* at 736. On January 9, 2012, the Supreme Court denied Mr. Robinson's petition for certiorari. *Robinson v. United States*, 565 U.S. 1136 (2012).

On August 28, 2013, Mr. Robinson filed a motion under 28 U.S.C. § 2255. The court found that the motion was procedurally-barred and time-barred. On November 8, 2013, Mr. Robinson filed a notice of appeal challenging the court's order. But, he failed to prosecute and the Tenth Circuit dismissed his appeal on February 27, 2014. On April 4, 2017, the Tenth Circuit denied Mr. Robinson's authorization to file a second or successive § 2255 motion.

Now, Mr. Robinson seeks relief from the court's 2014 denial of his § 2255 motion under Fed. R. Civ. P. 60(b).

**II.     Analysis**

When a habeas petitioner files a Rule 60(b) motion, the court must first examine whether the motion is a true motion to alter or amend judgment or relief from judgment. *United States v. Shaw*, No. CR 05-20073-CM, 2017 WL 2191345, at *1 (D. Kan. May 17, 2017) (citing *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006)). "The motion may actually be a second or successive [§ 2255] petition." *Id.* To determine whether a motion is a true Rule 60(b) motion or a second or successive § 2255 petition, the court decides into which of three categories the motion falls:

> (1) in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction; or (2) challenges one of the court's procedural rulings that precluded resolution of the habeas petition on its merits; or (3) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Id.* (quoting *Spitznas*, 464 F.3d at 1215–16) (internal quotations omitted). "Motions falling under the first category should be treated as second or successive petitions." *Id.* Motions falling under the second or third category are treated as any other 60(b) motion. *Id.*

Here, the government asserts that Mr. Robinson challenges the court's procedural ruling that precluded resolution of his § 2255 motion on the merits. But, Mr. Robinson argues that he challenges a defect in the integrity of the prior habeas proceeding. Doc. 139 at 2. The court treats both challenges as any other 60(b) motion so Mr. Robinson brings his motion under the proper rule.[3] Nevertheless, the court must deny this motion.

### A.   Substitute for a Timely Appeal

First, the court must deny Mr. Robinson's motion because it is a substitute for a timely appeal. *See Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) ("[A] Rule 60(b) motion is not a substitute for an appeal."); *see also Fackelman v. Bell*, 564 F.2d 734, 737 (5th Cir. 1977) ("A 60(b)(6) motion is an extraordinary remedy; like the 60(b) motion generally, it is not a substitute for appeal, and it is ordinarily not available to one who fails to appeal."). A habeas petitioner's "voluntary, deliberate, free, [and] untrammeled choice" not to appeal cannot provide a basis for Rule 60(b) relief. *See Ackermann v. United States*, 340 U.S. 193, 200 (1950). It appears that Mr. Robinson alleges that his untimely § 2255

---

[3] The government is correct in asserting that Mr. Robinson's motion challenges the court's procedural ruling precluding resolution of his § 2255 motion on the merits. *See Spitznas*, 464 F.3d at 1216 (listing a motion that asserts that federal district court incorrectly dismissed a § 2255 petition for a procedural bar or because of the statute of limitations as an example of a 60(b) motion that challenges only the federal habeas court's ruling on procedural issues).

3

motion was a result of his inmate legal assistance. Doc. 136 at 2. He could have raised this reason when he appealed the court's denial of his § 2255 motion to the Tenth Circuit. Instead, he failed to prosecute his appeal. Doc. 122. Now, Mr. Robinson is invoking Rule 60(b) hoping to get a second bite at his § 2255 motion. A Rule 60(b) motion is not available for this kind of attack.

### B. Rule 60(b) Motion

Second, the court must dismiss this motion because it does not establish grounds under Rule 60(b)(5) or (6) for relief. Rule 60(b) permits the court to relieve a party from a final judgment or order for six reasons. The reason in 60(b)(5) is "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." And, 60(b)(6) allows relief for "any other reason that justifies relief."

"Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (internal quotations and citation omitted). The government asserts that "[t]here has not been any significant change either in the factual conditions or in the law of this case which would render enforcement of this Court's prior Order, dismissing the defendant's initial § 2255 motion as untimely, detrimental to the public interest." Doc. 138 at 1–2 n.1. Conversely, Mr. Robinson argues that the factual conditions have changed because the court corrected the date of one of his prior convictions in the PSR. Doc. 139 at 3–4. But, the date of one of his prior convictions does not affect the timeliness of his § 2255 motion.

Two dates drive the timeliness analysis here: the date when Mr. Robinson filed his motion and the date when the judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). The date of a prior conviction in another case, as recited by the PSR does not affect this analysis. Thus, there has been no significant change in factual conditions rendering continued enforcement detrimental to the public interest. So, subsection (b)(5) provides no basis for relief from the court's denial of Mr. Robinson's § 2255 motion.

Subsection (b)(6) also does not provide a reason for giving Mr. Robinson relief from the court's denial of his § 2255 motion. The Supreme Court has held that "relief under Rule 60(b)(6) is available only in extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (internal quotation and citation omitted). "Relief under Rule 60(b)(6) is appropriate when circumstances are so unusual or compelling that extraordinary relief is warranted, or when it offends justice to deny such relief." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (internal quotations and citation omitted). The extraordinary circumstances must also suggest that the movant is "faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (citing *Ackermann*, 340 U.S. at 197–200) (further citations omitted).

Mr. Robinson fails to assert any extraordinary circumstances capable of supporting a Rule 60(b)(6) motion. Mr. Robinson asserts that his lack of effective assistance of counsel during his initial-review collateral proceedings establishes cause for his default of a claim of ineffective assistance at trial. Doc. 136 at 5. For support, Mr. Robinson cites *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413, 133 S. Ct. 1911 (2013). *Martinez* held,

> Where, under state law, claims of ineffective assistance of trial counsel *must* be raised in an initial-review collateral proceeding,[4] a procedural default will not bar

---

[4] Initial-review collateral proceedings are "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 8.

5

> a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17 (emphasis and footnote added). And, *Trevino* applied *Martinez's* holding to Texas law because it functionally required a petitioner to raise a claim of ineffective assistance at trial during collateral proceedings. 133 S. Ct. 1911, 1921.

But, Mr. Robinson's assertion misses the mark because, although he alleges his collateral proceeding was an initial-review type of proceeding, it was not. It was not an initial-review collateral proceeding because Mr. Robinson could have raised ineffective assistance of counsel issues on direct appeal. *Martinez* recognized a narrow exception in initial-review collateral proceedings—when ineffective assistance of counsel issues could not have been raised in a direct appeal—by qualifying the *Coleman*[5] holding that an attorney's errors in a post-conviction proceeding do not qualify as cause for a default. 566 U.S. at 8–9 (citing *Coleman*, 501 U.S. at 754–55). *Martinez* and *Trevino* cannot help Mr. Robinson because he could have raised ineffective assistance of counsel issues in his direct appeal. Thus, his collateral proceeding was not an initial-review one.

Accordingly, Mr. Robinson's inmate legal assistance failure to file a timely motion or raise an issue of ineffective assistance of counsel at trial does not support a finding of extraordinary circumstances. Indeed, Mr. Robinson had no right to counsel during his § 2255 proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . . Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted). Therefore, generally, "a petitioner cannot

---

[5] *Coleman v. Thompson*, 501 U.S. 722 (1991).

6

claim constitutionally ineffective assistance of counsel in [post-conviction] proceedings." *Vigil v. Jones*, 302 F. App'x 801, 804 (10th Cir. 2008) (quoting *Coleman*, 501 U.S. at 752).  For these reasons, Mr. Robinson cannot invoke Rule 60(b)(6) to challenge the defect in his habeas proceeding.  Doc. 136 at 4.  So, subsection (b)(6) also does not provide relief from the court's denial of Mr. Robinson's § 2255 motion.

### III.   Conclusion

In sum, Mr. Robinson properly invokes Rule 60(b) in his motion.  But, he improperly uses the motion as a substitute for appeal.  Mr. Robinson also fails to establish grounds under either Rule 60(b)(5) or (6) for the court to provide relief from judgment.  The court thus denies Mr. Robinson's motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's "Motion Pursuant to Rule 60 (b)(5) & (6) to Reopen Case and Set Aside Order Denying Relief" (Doc. 136) is denied.

**IT IS SO ORDERED.**

Dated this 1st day of December, 2017, at Topeka, Kansas

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**