## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.

       Case No. 10-40037-01-DDC

RISHEEN DANIEL ROBINSON (01),

       Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Risheen Robinson's pro se[1] "Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e) and a Request for the District Court to Find the Facts Specially and Conclusions of Law Separately under Fed. R. Civ. P. 52(a)(1)" (Doc. 141). For the reasons described below, the court denies Mr. Robinson's motion.[2]

**I.      Background**

On August 26, 2010, a jury convicted Mr. Robinson of violating 21 U.S.C. § 841(a)(1) for distributing a mixture or substance containing a detectable quantity of cocaine base. Mr. Robinson had four qualifying prior convictions, making him a career offender under the U.S.

---

[1]     Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for plaintiff. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[2]     Mr. Robinson requests a hearing on his motion. Doc. 141 at 12. D. Kan. Rule 7.2 provides, "The court may set any motion for oral argument or hearing at the request of a party or on its own initiative." The court concludes that a hearing will not materially aid its resolution of defendant's motion and thus is unnecessary. The court therefore denies defendant's request.

Sentencing Guidelines.[3]  The U.S. Probation Office prepared a Presentence Investigation Report ("PSR") with a guideline range of 262–327 months based on that designation.  On December 17, 2010, the court conducted a sentencing hearing.  Mr. Robinson objected to the career offender finding under the Guidelines.  But the court found that the PSR correctly classified him as a career offender and imposed a guideline sentence of 262 months.

Mr. Robinson directly appealed his sentence to the Tenth Circuit.  *United States v. Robinson*, 437 F. App'x 733 (10th Cir. 2011).  There, he challenged the substantive reasonableness of his sentence.  *Id.* at 735.  The Tenth Circuit rejected his arguments and affirmed the district court's judgment.  *Id.* at 736.  On January 9, 2012, the Supreme Court denied Mr. Robinson's petition for certiorari.  *Robinson v. United States*, 565 U.S. 1136 (2012).

On August 28, 2013, Mr. Robinson filed a motion under 28 U.S.C. § 2255.  The court found that the motion was procedurally-barred and time-barred.  On November 8, 2013, Mr. Robinson filed a notice of appeal challenging the court's order.  But he failed to prosecute the appeal and the Tenth Circuit dismissed it on February 27, 2014.  On April 4, 2017, the Tenth Circuit denied Mr. Robinson's authorization to file a second or successive § 2255 motion.

On July 13, 2017, Mr. Robinson filed a motion under Fed. R. Civ. P. 60(b) seeking relief from the earlier decision denying his § 2255 Motion.  The court denied the Rule 60(b) Motion because, it concluded, the motion:  (1) was a substitute for a timely appeal; and (2) had failed to

---

[3]    The Sentencing Guidelines provide:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

establish grounds for relief under Rule 60(b)(5) or (6).  Mr. Robinson, undeterred, now seeks

relief from the court's denial of his Rule 60(b) Motion under Fed. R. Civ. P. 59(e).

## II.    Analysis

"Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the

controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error

or prevent manifest injustice.'"  *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144,

1153 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

2000)).  A Rule 59(e) motion is appropriate when the court has "misapprehended the facts, a

party's position, or the controlling law."  *Id.*  But it is not appropriate to "revisit issues already

addressed or advance arguments that could have been raised in prior briefing."  *Id.*  And it "'is

not a second chance for the losing party to make its strongest case or to dress up arguments that

previously failed.'"  *Sobel v. United States*, 571 F. Supp. 2d 1222, 1229 (D. Kan. 2008) (quoting

*Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484

(10th Cir. 1994)).

Mr. Robinson argues that the court "must amend its judgment in order for its holding to

fall in line with clearly established federal law."  Doc. 141 at 2.  He never asserts that there has

been an intervening change in controlling law or there is new evidence previously unavailable.

So, the court gives Mr. Robinson's motion the most generous interpretation available and

construes it to seek relief for a need to correct clear error or prevent manifest injustice.  But this,

too, is problematic for Mr. Robinson because he never asserts clear error or manifest injustice.

Instead, his motion simply summarizes the court's rulings on his Rule 60(b) Motion and then he

re-asserts the same arguments he made in his Rule 60(b) Motion.  He never cites new case

authority or alleges new facts.

As he did in his Rule 60(b) Motion, Mr. Robinson continues to misapply the holdings of *Trevino*[4] and *Martinez*[5] to his § 2255 proceedings. *See* Doc. 141 at 8–10. As the court already has explained in its ruling on Mr. Robinson's Rule 60(b) Motion, these two cases cannot help him because they apply to initial-review collateral proceedings[6]—or their functional equivalent[7]—and his § 2255 proceedings were neither. *See* Doc. 140 at 5–6. In short, Mr. Robinson advances no new argument. And a Rule 59(e) motion is not appropriate to "revisit issues already addressed." *See Somerlott*, 686 F.3d at 1153. Accordingly, the court denies Mr. Robinson's Rule 59(e) Motion.

Finally, although Mr. Robinson makes no argument on the topic, the title of his motion suggests that he requests findings of fact and conclusions of law under Rule 52(a)(1). This rule "relates only to civil bench trials." *United States v. Wilson*, 545 F. App'x 714, 716 (10th Cir. 2013). Mr. Robinson's motion does not involve a civil bench trial, so he is not entitled to findings of fact and conclusions of law under Rule 52(a)(1). The court thus denies this portion of his motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's "Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e) and a Request for the District Court to Find the Facts Specially and Conclusions of Law Separately under Fed. R. Civ. P. 52(a)(1)" (Doc. 141) is denied.

---

[4]    *Trevino v. Thaler*, 569 U.S. 413 (2013).

[5]    *Martinez v. Ryan*, 566 U.S. 1 (2012).

[6]    Initial-review collateral proceedings are "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 8.

[7]    *Trevino* applied *Martinez's* holding to Texas law because it functionally required a petitioner to raise a claim of ineffective assistance at trial during collateral proceedings. 569 U.S. at 428.

**IT IS SO ORDERED.**

**Dated this 6th day of June, 2018, at Topeka, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**