# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.

RISHEEN ROBINSON (01),

      Defendant/Petitioner.

Case No. 10-40037-01-DDC

## MEMORANDUM AND ORDER

Defendant/Petitioner Risheen Robinson, as a pro se litigant,[1] asks the court to allow him to proceed with his 28 U.S.C. § 2255 appeal *in forma pauperis*. *See* Doc. 149. Although 28 U.S.C. § 1915(a)(2) and (b) do not apply to § 2255 appeals, both § 1915(a)(1) and (a)(3) do. *United States v. Simmonds*, 111 F.2d 737, 744 (10th Cir. 1997), *overruled on other grounds by United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003). And so, petitioner must show that his appeal is taken in good faith and that he lacks the financial capacity to pay the required fees. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). A good faith appeal requires the appellant to present a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999); *see also McIntosh*, 115 F.3d at 812. Petitioner has failed to make the requisite showing on either the law or the facts.

---

[1]    When a petitioner proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for petitioner. *Id.* Nor does petitioner's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

*First*, petitioner fails to make any argument about the good faith nature of his appeal. In the absence of an explicit argument by petitioner, the court looks to petitioner's Notice of Appeal (Doc. 146). After reviewing his Notice, the court concludes that petitioner has a reasoned, nonfrivolous argument. He cites case authority and applies it to the facts of his case. Therefore, despite petitioner's failure to argue good faith explicitly, the court finds petitioner's appeal is taken in good faith.

*Second*, petitioner has not provided sufficient information for the court to assess whether he is financially able to pay the required fees. Petitioner has submitted an Application to Proceed without Prepayment of Fees and Affidavit by a Prisoner (Doc. 149). But he did not fully complete the application. Specifically, the application contains three "yes" or "no" questions. The application also directs the prisoner, if he answers a question affirmatively, to answer other questions or provide additional information. Petitioner answered "yes" to questions one and two, but he did not answer the follow-up questions. Answers to these follow-up questions would have provided the court with information to assess his financial ability to pay the required filing fee.

Question one asks: "Are you currently incarcerated?" The follow-up questions to question one ask: "Are you employed at the institution?," and "Do you receive any payment from the institution?" Petitioner did not answer either question. And for question two, if the prisoner checks the box indicating that he has cash or a checking or savings account, he is asked to provide the account's balance. Although petitioner checked "yes," he provided no other information. Without the information required by the application, the court cannot determine if petitioner is financially able to pay the required filing fee.

While the court can overlook the shortcomings about good faith because that information is available elsewhere in the record, the court cannot overlook the shortcomings about petitioner's financial ability to pay required fees. The court thus denies petitioner's Application to Proceed without Prepayment of Fees and Affidavit by a Prisoner (Doc. 149) without prejudice to a future filing containing complete information about petitioner's financial ability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** petitioner's Application to Proceed without Prepayment of Fees and Affidavit by a Prisoner (Doc. 149) is denied without prejudice to a future filing containing complete information about petitioner's financial ability.

**IT IS SO ORDERED.**

**Dated this 13th day of July, 2018, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**