IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RISHEEN DANIEL ROBINSON,

    Defendant.

Case No. 10-40037-01-DDC

## MEMORANDUM AND ORDER

This matter comes before the court as part of defendant Risheen Robinson's appeal of this court's order denying his pro se "Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e) and a Request for the District Court to Find the Facts Specially and Conclusions of Law Separately under Fed. R. Civ. P. 52(a)(1)" (Doc. 141). The Tenth Circuit Court of Appeals ordered a limited remand of the case for this court to determine whether it should issue a certificate of appealability for defendant's appeal to proceed. For the reasons described below, the court declines to issue defendant a certificate of appealability.

### I.    Background

On August 26, 2010, a jury convicted defendant of violating 21 U.S.C. § 841(a)(1) for distributing a mixture or substance containing a detectable quantity of cocaine base. The United States Probation Office concluded in its Presentence Investigation Report ("PSR") that defendant had four qualifying prior convictions, making him a career offender under the United States Sentencing Guidelines. The Sentencing Guidelines direct that:

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a

controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Defendant objected to the court's finding classifying him as a career offender. But the court ultimately concluded that the Probation Office's PSR correctly classified him as a career offender and sentenced him accordingly.

Defendant appealed his sentence to the Tenth Circuit. *United States v. Robinson*, 437 F. App'x 733 (10th Cir. 2011). He challenged the reasonableness of his sentence, but the Circuit rejected those arguments and affirmed this court's judgment. *Id.* at 735–36. Defendant appealed again, but the United States Supreme Court declined to issue a writ of certiorari. *Robinson v. United States*, 565 U.S. 1136 (2012). On August 28, 2013, defendant again challenged his sentence by filing a motion under 28 U.S.C. § 2255. This court concluded that his motion was procedurally barred and time-barred. Defendant appealed, but the Tenth Circuit dismissed defendant's appeal because he failed to prosecute it. The Tenth Circuit also denied defendant's authorization to file a second or successive motion under § 2255.

Next, on July 13, 2017, defendant filed a motion under Fed. R. Civ. P. 60(b) seeking relief from the court's decision denying his earlier § 2255 motion. Doc. 136-2. The court denied defendant's Rule 60(b) motion, concluding that: (1) defendant's motion was a substitute for a timely appeal; and (2) defendant had failed to establish grounds for relief under Rules 60(b)(5) or (6).

Then, on January 2, 2018, defendant filed the motion at issue in his most recent appeal—a motion under Fed. R. Civ. P. 59(e). His Rule 59(e) motion challenged the court's decision denying his earlier Rule 60(b) motion. Defendant alleged that the court's judgment on his Rule 60(b) motion "was contrary to Supreme Court and Tenth Circuit precedent" and "failed to address [his] attempt to show 'good cause' for the procedural default." Doc. 141 at 2.

Defendant contended that the court thus "must amend its judgment in order for its holding to fall in line with clearly established federal law." *Id.* The court denied defendant's Rule 59(e) motion on June 6, 2018. Doc. 145 at 3–4.

That Order reasoned, "Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)); *see also* Doc. 145 at 3. The court concluded that defendant had not asserted any intervening change in controlling law or identified any new evidence that previously was unavailable. Doc. 145 at 3–4. The court, broadly interpreting defendant's motion, construed it to argue that the judgment resulted in clear error or manifest injustice. But the court found that defendant had not demonstrated either clear error or manifest injustice. It concluded that defendant's motion merely summarized the court's ruling on his earlier Rule 60(b) motion and made the same arguments he had made in his Rule 60(b) motion without citing new relevant authorities or alleging new facts. *Id.* at 3.

The defendant again appealed. The Tenth Circuit ordered a limited remand because the court must decide whether to issue a certificate of appealability ("COA") for defendant's current appeal. Doc. 151 (citing *United States v. Higley*, No. 17-1111 (10th Cir. Sep. 29, 2017), which requires district courts to determine, "in the first instance, whether to issue a COA"). The court had neglected to address this consideration. The Circuit has abated defendant's proceedings until this court makes a determination about the COA. The Circuit also has given defendant a deadline of October 9, 2018, to "file a written report advising the court of the status of [this court's] proceedings." Doc. 151.

**II.      Analysis**

Certificates of appealability are required for a party to appeal a "'denial of any final order in a habeas corpus proceeding, including a motion for reconsideration under Rule 59(e).'" Doc. 151 at 1 (quoting *United States v. Parada*, 555 F. App'x 763, 765 (10th Cir. 2014)).  A court can issue a COA only if the party applying for it "has 'made a substantial showing of the denial of a constitutional right.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting 28 U.S.C. § 2253(c)(2)).  To satisfy this standard, the Supreme Court has determined, the applicant "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The applicant must show that those "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).  This standard applies to a motion under Rule 59(e) challenging a Rule 60 motion that seeks relief from a § 2255 judgment.  *See United States v. Rice*, 594 F. App'x 481, 485 (10th Cir. 2014) (requiring a COA for an appeal of a district court's judgment on a defendant's Rule 59(e) motion that challenged an earlier Rule 60 motion, which sought relief from a judgment on defendant's § 2255 motion.  The Circuit noted that "it would be 'illogical' if a COA were 'required to appeal from a habeas judgment, but not from the district court's order denying Rule 60(b) relief from such a judgment.'"  The Circuit also cited *Jackson v. Albany Appeal Bureau Unit*, 442 F.3d 51, 54 (2d Cir. 2006), which noted that a COA is required "to appeal from the denial of a Rule 59(e) motion relating to a habeas judgment").

When the court denied defendant's motion under Rule 59(e), it determined that he had not satisfied the requirements for bringing such a motion.  He did not argue that some change in controlling law had emerged since the court found that his PSR correctly classified him as a career offender and sentenced him accordingly.  Also, defendant did not assert that there is new evidence that was not available earlier.  Finally, the court concluded that defendant did not argue that he was seeking relief for a need to correct clear error or prevent manifest injustice.  Even broadly interpreted, defendant's motion under Rule 59(e) simply reiterated the same arguments contained in his July 2017 Rule 60(b) motion and summarized the court's rulings on that motion.

The court concludes that defendant has not advanced any argument capable of meeting Rule 59(e)'s standards and that he has not made a "substantial showing" that was denied his constitutional rights.  *Tennard*, 542 U.S. at 282.  Because defendant did not satisfy any of the three grounds for reconsideration under Rule 59(e), the court determines that reasonable jurists could not arrive at a different conclusion about the correct result for defendant's motion.  The assertions defendant makes in his Rule 59(e) motion only revisit the arguments in his earlier Rule 60(b) motion, which the court denied.  Since defendant raises no new arguments, the court determines that his "petition . . . [and the] issues presented . . . [do not] deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (internal quotations omitted).  The court thus declines to issue a COA for defendant to continue an appeal to the Tenth Circuit.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the court declines to issue a certificate of appealability for defendant to continue his appeal before the Tenth Circuit Court of Appeals.

**IT IS SO ORDERED.**

**Dated this 3rd day of October, 2018, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**