IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RISHEEN DANIEL ROBINSON (01),<br><br>    Defendant. | Case No. 10-40037-01-DDC |

### MEMORANDUM AND ORDER

On December 17, 2010, the court sentenced Risheen Daniel Robinson to 262 months in prison. This matter comes before the court on Mr. Robinson's pro se[1] letter (Doc. 154), which the court construes as a motion to appoint counsel. For the reasons described below, the court denies Mr. Robinson's motion.

### I.   Background

On August 26, 2010, a jury convicted Mr. Robinson of violating 21 U.S.C. § 841(a)(1) for distributing a mixture or substance containing a detectable amount of cocaine base. Mr. Robinson had four prior convictions for crimes of violence or controlled substance offenses, making him a career offender under Section 4B1.1 of the Sentencing Guidelines. Presentence Investigation Report (Doc. 87), ¶ 36. As a career offender, Mr. Robinson's base offense level was 34. *See id.* Absent such a designation, his base offense level would have been 16. *See id.* Mr. Robinson's total offense level was 34, with a criminal history category VI, resulting in a

---

[1]  Because Mr. Robinson proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

guideline range of 262 to 327 months in prison. *Id.*, ¶ 75. Because Mr. Robinson had a prior conviction for a felony drug offense, his statutory range included a maximum sentence of 30 years in prison. *See* 21 U.S.C. § 841(b)(1)(C) (increasing statutory maximum from 20 to 30 years for a prior felony drug offense). On December 17, 2010, the court sentenced Mr. Robinson to 262 months in prison, the low end of his guideline range.

Mr. Robinson appealed his conviction and sentence, challenging the sufficiency of the evidence supporting his conviction and the substantive reasonableness of his sentence. On August 30, 2011, the Tenth Circuit affirmed. *See United States v. Robinson*, 437 F. App'x 733 (10th Cir. 2011). On January 9, 2012, the Supreme Court denied Mr. Robinson's petition for a writ of certiorari. *Robinson v. United States*, 565 U.S. 1136 (2012).

Mr. Robinson filed several post-conviction motions including a motion under 28 U.S.C. § 2255, which the court denied on October 30, 2013. *See* Memorandum And Order (Doc. 117).

Mr. Robinson now seeks counsel to pursue (1) relief under Section 404 of the First Step Act of 2018, 115 Pub. L. 391, 132 Stat. 5194 (enacted Dec. 21, 2018) and (2) challenges to his career offender enhancement under the Sentencing Guidelines and the increased statutory maximum based on his prior felony drug offense. *See* Doc. 154.

**II.     Analysis**

The Sixth Amendment right to counsel does not apply to post-conviction motions after a defendant has exhausted the direct appeal process. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). But, a district court has discretion to appoint counsel in a habeas case when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). When considering whether it should appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to

2

present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  For the reasons described below, the court finds that it lacks jurisdiction to consider Mr. Robinson's potential claims.  Accordingly, the court denies his request for counsel.[2]

### A. Potential Relief Under The First Step Act of 2018

Mr. Robinson first seeks counsel to assist him with a motion for sentence reduction under Section 404 of the First Step Act of 2018.  If the conviction is a "covered offense" under the First Step Act, the court may impose a reduced sentence retroactively as if the Fair Sentencing Act of 2010, 111 Pub. L. 220; 124 Stat. 2372, were in effect when the defendant committed the offense.  First Step Act § 404(b), 132 Stat. at 5222.  The First Step Act defines "covered offense" to mean "a violation of a Federal criminal statute [that was committed before August 3, 2010], the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010."  First Step Act § 404(a), 132 Stat. at 5222.  Effective August 3, 2010, Section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack [cocaine] trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum [under Section 841(b)(1)(A)] and from 50 grams to 280 grams in respect to the 10-year minimum [under Section 841(b)(1)(B)]."  *Dorsey v. United States*, 567 U.S. 260, 269 (2012).  Section 3 of the Fair Sentencing Act eliminated mandatory minimum sentences for simple possession of crack cocaine.  124 Stat. at 2372.

As noted above, Mr. Robinson was convicted and sentenced under 21 U.S.C. § 841(b)(1)(C).  This statute criminalizes distribution of a detectable amount of crack cocaine.

---

[2]   Even if the court had jurisdiction to consider Mr. Robinson's potential claims, he has not shown that he is unable to present the claims adequately or that the claims involve particularly complex legal or factual issues.

Section 2 of the Fair Sentencing Act raised the threshold quantity for the statutory penalties in Sections 841(b)(1)(A) and (B), but it did not affect the statutory penalties under Section 841(b)(1)(C).[3] In an unpublished opinion, the Tenth Circuit has concluded that Section 841(b)(1)(C) is not a "covered offense" under Section 404(a) of the First Step Act. *United States v. Martinez*, 777 F. App'x 946, 947 (10th Cir. 2019) ("The Fair Sentencing Act had no effect on § 841(b)(1)(C) and, thus, Martinez's crime of conviction is not a 'covered offense' under the [First Step] Act."); *see also United States v. Foley*, 798 F. App'x 534, 536 (11th Cir. 2020) ("Because the district court sentenced [defendant] under § 841(b)(1)(C), which was not modified by section 2 or 3 of the Fair Sentencing Act, [defendant] is not eligible for relief."); *United States v. Duggan*, 771 F. App'x 261 (4th Cir. 2019) (defendant not eligible for relief because Sections 2 or 3 of the Fair Sentencing Act did not modify penalties for cocaine base offense in violation of § 841(b)(1)(C)). The First Circuit has reached a contrary conclusion. *See United States v. Smith*, 954 F.3d 446 (1st Cir. 2020). It reasoned, in part, that Section 841(b)(1)(C) is a covered offense because the Fair Sentencing Act increased the upper limit of crack cocaine for an offense under that subsection from five to 28 grams. *See Smith*, 954 F.3d at 450; *see also United States v. Woodson*, 799 F. App'x 214, 215 (4th Cir. 2020) (finding that defendant's crack cocaine conviction under § 841(b)(1)(C) is not a "covered offense").

Consistent with the Tenth Circuit's decision in *Martinez*, the court concludes that under Section 404 of the First Step Act, Congress intended for courts to revisit only those crack cocaine convictions with penalties that the Fair Sentencing Act would have affected, *i.e.* convictions for conduct before August 3, 2010 with statutory penalties under subsections (A) and (B) of Section 841(b)(1). The fact that one set of offenders—those convicted of offenses

---

[3] Section 3 of the Fair Sentencing Act does not apply because Mr. Robinson's offense involved distribution of crack cocaine and no statutory minimum applied.

involving from five up to 28 grams of crack cocaine—now can seek retroactive relief under the lower statutory penalties of subsection (C), rather than subsection (B), does not suggest Congress intended for offenders who were originally sentenced under subsection (C) to be resentenced under the same provision.

The legislative history of the Fair Sentencing Act also supports limiting the First Step Act's retroactive provisions to crack cocaine offenses under subsections (A) and (B). Congress passed the Fair Sentencing Act to address the statutory penalty disparity, particularly mandatory minimum terms of imprisonment, between cocaine powder and crack cocaine. *See United States v. Gay*, 771 F.3d 681, 684 (10th Cir. 2014) (Fair Sentencing Act reduced statutory penalty disparity between cocaine powder and crack cocaine from 100:1 ratio to an 18:1 ratio). The Fair Sentencing Act simply did not alter the statutory penalties for offenses under Section 841(b)(1)(C), which contain no mandatory term of imprisonment. Even before the Fair Sentencing Act, the penalties under Section 841(b)(1)(C) for distributing a "detectable amount" of a substance were the same for both crack cocaine and powder cocaine. Consistent with the Tenth Circuit's decision in *Martinez*, the court concludes it lacks jurisdiction to grant Mr. Robinson relief under the First Step Act. *See Martinez*, 777 F. App'x at 947 (because § 841(b)(1)(C) is not a "covered offense" under the First Step Act, district court correctly concluded that it lacked jurisdiction). Accordingly, the court denies Mr. Robinson's request to appoint counsel to assist with a claim under the First Step Act.

### B. Potential Challenge To Career Offender Enhancement

Mr. Robinson's motion also asserts he needs counsel to assist his challenges to his career offender enhancement and the increased statutory maximum resulting from his earlier felony drug offense. "A district court is authorized to modify a [d]efendant's sentence only in specified

instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).  After any direct appeal in a criminal action, a defendant's "exclusive remedy" for challenging his conviction or sentence is under 28 U.S.C. § 2255 unless that remedy is inadequate or ineffective.  *United States v. Crosby*, No. CR 09-40049-01-KHV, 2020 WL 1638062, at *2 (D. Kan. Apr. 2, 2020) (citing *United States v. McIntyre*, 313 F. App'x 160, 162 (10th Cir. 2009) and *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)).

 Because Mr. Robinson's potential claims attack his sentence, his exclusive remedy is under 28 U.S.C. § 2255.  *See id.*  But because Mr. Robinson already had filed a Section 2255 motion, he would have to satisfy the statute's heightened requirements for "second or successive" motions.  Specifically, Mr. Robinson could not file a second or successive Section 2255 motion unless he first sought and received approval from the Tenth Circuit Court of Appeals for an order authorizing this court to consider the motion.  *See* 28 U.S.C. §§ 2244(b)(3), 2255(h).  The Tenth Circuit grants approval to file second or successive motions only if the motion contains either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).  Mr. Robinson has not shown that his challenges—related to the career offender enhancement and the increased statutory maximum based on his prior felony drug offense—potentially could satisfy the standard for a second or successive Section 2255 motion.  The court therefore denies Mr. Robinson's request for counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Risheen Daniel Robinson's pro se letter (Doc. 154), which the court construes as a motion to appoint counsel, is denied.

**IT IS SO ORDERED.**

**Dated this 21st day of May, 2020, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**