## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**

**RISHEEN DANIEL ROBINSON (01),**

        **Defendant.**

**Case No. 10-40037-01-DDC**

## MEMORANDUM AND ORDER

Risheen Robinson, proceeding pro se,[1] has asked the court to terminate his term of supervised release early. Doc. 182. The government opposes the request. Doc. 183. The court, as explained below, denies the motion.

In August 2010, a jury convicted Mr. Robinson of one count of distributing crack cocaine. Doc. 81. In December 2010, United States District Judge Richard Rogers sentenced Mr. Robinson to 262 months' imprisonment and six years of supervised release. Doc. 91 at 2–3. In February 2023, the court granted Mr. Robinson's Motion for a Reduction of Sentence (Doc. 167) and reduced his sentence to time served—but left his term of supervised release unchanged. *See* Doc. 180. So, Mr. Robinson began serving his six-year term of supervised release just over three years ago. And he now asks the court to terminate this six-year term early.[2] Doc. 182.

---

[1]    Because Mr. Robinson represents himself, the court construes his filings liberally but won't serve as his advocate. *See Adams v. Fed. Aviation Admin.*, 168 F.4th 1271, 1275 n.1 (10th Cir. 2026).

[2]    Mr. Robinson moves under 18 U.S.C. § 3564(c). Doc. 182 at 1. The government, in its response, cites 18 U.S.C. § 3583(e)(1). Doc. 183 at 3. The difference? Section 3564(c) allows the court to terminate terms of probation, and § 3583(e)(1) allows the court to terminate terms of supervised release. This case involves a term of supervised release, so § 3583(e)(1) applies. Mr. Robinson's confusion is

The court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1).  The court also must consider the relevant factors in 18 U.S.C. § 3553(a).  Those factors, as relevant here, include:

- "the nature and circumstances of the offense";

- "the history and characteristics of the defendant"; and

- the need for the sentence "to protect the public from further crimes of the defendant[.]"

*Id.* § 3553(a)(1), (a)(2)(C).

Mr. Robinson argues that the court should rule in his favor because he "has maintained full and flawless compliance with all conditions[.]"  Doc. 182 at 2.  He's maintained stable housing and employment.  *Id.*  The government doesn't dispute either proposition.  Indeed, the government asserts that Mr. Robinson "should be applauded for his efforts on supervised release[.]"  Doc. 183 at 4.  The government nonetheless asserts that the court should deny Mr. Robinson's motion given his "extremely troubling" criminal history.  *Id.* at 3.  The government thus argues that Mr. Robinson's "history and characteristics demand a significant term of supervision."  *Id.* at 4.  And it argues that the current term of supervision will afford adequate deterrence and protect the public.  *Id.*

The court agrees with the government.  Mr. Robinson has performed admirably while on supervised release.  But, standing alone, "compliance on release does not warrant early

understandable; our Circuit has called these statutes "strikingly similar."  *United States v. Hartley*, 34 F.4th 919, 929–30 (10th Cir. 2022).  The court, mindful of Mr. Robinson's pro se status, thus construes his motion as one under § 3583(e)(1).

termination." *United States v. Kalisch*, 748 F. Supp. 3d 1079, 1083 (D.N.M. 2024) (quotation cleaned up). If that were so, "then the exception would swallow the rule." *Id.* (quotation cleaned up).

The court also concludes that, on balance, the § 3553(a) factors don't support early termination. To be sure, Mr. Robinson's offense involved a small quantity of crack cocaine—only 3.67 grams. Doc. 87 at 7 (PSR ¶ 28). And the court is unpersuaded by the government's argument about deterrence. But Mr. Robinson's adult criminal history provides cause for concern: aggravated robbery; two battery convictions; possession with intent to distribute methamphetamine and marijuana; possession with intent to distribute cocaine; possession with intent to distribute cocaine, possession of drug paraphernalia, and possession of marijuana; possession of cocaine and endangering a child. *Id.* at 9–11 (PTO ¶¶ 42–48). True, Mr. Robinson no longer qualifies as a career offender. But the court already has accounted for that favorable change in law by granting Mr. Robinson compassionate release. Doc. 172 at 2. The court ultimately concludes that Mr. Robinson's history and characteristic don't favor early termination.

The court concludes its work here by expressing, once again, its admiration for Mr. Robinson's compliance with the conditions of his supervised release. May it continue.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Risheen Robinson's Motion for Early Termination (Doc. 182) is denied.

**IT IS SO ORDERED.**

**Dated this 21st day of May, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

3